IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Reuter, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:23-cv-14289 |
| PCA Acquisitions V, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Linda Reuter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Linda Reuter ("Reuter"), is a citizen of the State of Illinois, who Defendant sued to collect a defaulted consumer debt that she allegedly owed, despite the fact that she no longer owed that debt.

4. Defendant, PCA Acquisitions V, LLC ("PCA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

1

regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.

5. PCA operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant PCA was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendant PCA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant PCA's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

8. Defendant PCA is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant PCA conducts extensive business in Illinois by writing to, calling, and filing lawsuits as to thousands of Illinois consumers.

**FACTUAL ALLEGATIONS**

9. Ms. Reuter is a disabled senior citizen with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Synchrony Bank account (Account No. ending in 5281 in the amount of $3,004). At some point in time after this debt went into default, Defendant allegedly bought/obtained Ms. Reuter's Synchrony Bank account.

10. While PCA was trying to collect this debt from Ms. Reuter, it committed various violations of the FDCPA. On July 19, 2022, PCA resolved those FDCPA

violations, by among other things, releasing Ms. Reuter from any and all liability for the Synchrony Bank debt. A redacted copy of the Settlement Agreement and Release is attached as Exhibit B.

11. Unbelievably, on February 3, 2023, PCA sued Ms. Reuter to collect that Synchrony debt (Account No. ending in 5281 in the amount of $3,004) in a matter styled, PCA Acquisitions V, LLC v. Linda Reuter, No. 2023SC000560 (DuPage County, Illinois) ('State Court Lawsuit"). A copy of the Complaint and Exhibit I in the State Court Lawsuit is attached as Exhibit C.

12. PCA served Ms. Reuter with the State Court Lawsuit during September 2023.

13. The collection lawsuit shocked, alarmed and emotionally distressed, causing fear, anxiety, loss of sleep, and hopelessness that PCA would never leave her alone.

14. PCA's continued collection actions as to a debt from which it had previously released Ms. Reuter caused her to act to her detriment by forcing her to expend time, effort and expense to try to stop its illegal collection actions. Specifically, she had to travel to a UPS Store and pay to fax the Complaint to her attorneys to try to stop the lawsuit, had to hire counsel and incur an appearance fee in the State Court Lawsuit, and had to have her attorneys take action to stop the lawsuit without further damages being caused to her.

15. Accordingly, Ms. Reuter's counsel sent PCA, through its counsel, a letter demanding that the improper collection lawsuit stop. A copy of this letter is attached as Exhibit D.

16. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Violation Of § 1692e Of The FDCPA --
Taking An Action That Could Not Be Legally Taken
And False Representations**

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as taking of any actions that cannot be legally taken, see, 15 U.S.C. § 1692e(5).

18. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

See, 15 U.S.C. § 1692(a)(Abusive Practices)(emphasis added).

19. To achieve those ends, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the FDCPA is rooted in the basic common law principle of fraud. Filing a lawsuit to collect a debt which no longer exists is fraud.

20. Suing Ms. Reuter on a debt that was no longer owed is false and/or deceptive or misleading, and falsely represents the legal status of a debt, is akin to fraud and violates § 1692e of the FDCPA, see, 15 U.S.C. §1692e.

21. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Linda Reuter, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Reuter, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Linda Reuter, demands trial by jury.

Linda Reuter,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 29, 2022

David J. Philipps  (Ill. Bar No. 06196285)
Mary E. Philipps  (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com